William D. PETERSON, Petitioner

v.

**NUCLEAR REGULATORY COMMISSION,** Respondent.

**No. 10–1007.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 11, 2011.

William D. Peterson, Clearfield, UT, pro se.

John F. Cordes, Jr., Stephanie Nicole Liaw, U.S. Nuclear Regulatory Commission, Rockville, MD, for Respondent.

Before: GINSBURG, GRIFFITH and KAVANAUGH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. RULE 34(j). This court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. RULE 36(d). It is

**ORDERED** and **ADJUDGED** that the petition for review be (1) denied with respect to the Nuclear Regulatory Commission's March 11, 2010, order refusing to permit the Petitioner to intervene before the Construction Authorization Board; and (2) dismissed with respect to the Board's December 30, 2009, order refusing to permit the Petitioner to file a motion before the Board.

In 2008, the Nuclear Regulatory Commission (NRC) published a notice announcing that it would hold public hearings on the Department of Energy's application to construct a nuclear waste repository at Yucca Mountain in Nevada. 73 Fed.Reg. 63,029 (Oct. 22, 2008). Pursuant to NRC regulations, the notice required that any person wishing to intervene in the pro-

ceedings file a petition within sixty days of the notice. *See* 10 C.F.R. § 2.309(b)(3)(i). On October 5, 2009, more than eleven months after the NRC published the notice, Petitioner William Peterson petitioned to intervene in the Yucca Mountain proceedings, stating his opposition to the proposed repository and urging the NRC to consider his personally developed alternative plan to store and reprocess nuclear waste. The Construction Authorization Board, an NRC administrative hearing tribunal, denied the motion on October 28, 2009. Peterson appealed the Board's decision to the NRC.

While Peterson's appeal was pending, he filed a second motion before the Board, again outlining his alternative plan. In an order on December 30, 2009, the Board denied Peterson's second motion. The Board cited its earlier denial of his motion to intervene for the proposition that Peterson "is not now and never has been a party" to the Yucca Mountain hearings and therefore "has no right or entitlement to file any pleadings, regardless of how captioned." *U.S. Dep't of Energy* (High Level Waste Repository), No. 63–001–HLW (Constr. Authorization Bd. 04, Dec. 30, 2009).

Peterson filed a petition for review of the Board's December 30, 2009, order on January 11, 2010. While his petition was pending, the NRC affirmed the Board's earlier decision denying Peterson's motion to intervene. *U.S. Dep't of Energy* (High Level Waste Repository), CLI–10–10 (Mar. 11, 2010). We then amended Peterson's petition to include challenges to both the December 30, 2009, order and the March 11, 2010, order. *Peterson v. NRC,* No. 10–1007 (D.C.Cir. June 9, 2010) (per curiam).

■ We have jurisdiction to consider Peterson's challenge to the NRC's March 11, 2010, order under the Hobbs Act, 28

U.S.C. § 2341 *et seq.* Because Peterson's opening brief fails to offer any reason why the March 11, 2010, order was illegal, he has waived all arguments against the lawfulness of that decision. *New York v. EPA,* 413 F.3d 3, 20 (D.C.Cir.2005) (stating that petitioners waive arguments that they fail to raise in their opening briefs). We therefore deny his petition to the extent that it challenges the March 11, 2010, order.

■ We lack jurisdiction to consider Peterson's challenge to the Board's December 30, 2009, order. To be reviewable under the Hobbs Act, agency action must be "final." 28 U.S.C. § 2344. Agency action is "final" only if the action is one "in which 'rights or obligations have been determined' or from which 'legal consequences will flow.' " *Union Pac. R.R. Co. v. Surface Transp. Bd.,* 358 F.3d 31, 34 (D.C.Cir.2004) (quoting *Bennett v. Spear,* 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)). Because the Board had previously ruled that Peterson could not file motions in this proceeding, its December 30, 2009, order rejecting his successive filing did not establish rights or create binding legal consequences. We therefore dismiss his petition with respect to the December 30, 2009, order.

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).